**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**BANK OF NEW YORK MELLON,**

    Plaintiff,

**v.**                                            **CIVIL ACTION NO.: 3:14-CV-75
(JUDGE GROH)**

**STEVEN OFFUTT and
SHELLY S. OFFUTT,**

    Defendants.

**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

On this day, the above-styled civil action came before this Court *sua sponte* to consider whether this civil action is supported by subject matter jurisdiction. See Brickwood Contrs., Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (noting that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court"); Wickline v. Dutch Run-Mays Draft, LLC, 606 F. Supp. 2d 633, 636 (S.D. W. Va. 2009) (same); Fed. R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Federal courts are limited to exercising authority granted to it under Article III of the Constitution or by federal statute. In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, MD., 191 F.3d 394, 399 (4th Cir. 1999). Therefore, a party is required to allege facts essential to show

1

jurisdiction in the pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). In this case, Defendants' notice of removal alleges two grounds for subject matter jurisdiction: (1) diversity of citizenship and (2) federal question jurisdiction. In Defendants' response to this Court's Show Cause Order, Defendants argue that there is diversity of citizenship because the amount-in-controversy requirement is satisfied and the parties are completely diverse. Defendants also argue that there is federal question jurisdiction because Defendants' counterclaim is "based on a new regulation issued under an act of Congress." Defendants' arguments are analyzed below.

    **1.**    **Diversity of Citizenship**

First, Defendants allege in their notice of removal that this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Section 1332 provides for subject matter jurisdiction on grounds of diversity of citizenship. Under this statute, the district courts have subject matter jurisdiction of all civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). In this case, Defendants allege in their notice of removal that they are citizens and residents of Charles Town, Jefferson County, West Virginia and that Plaintiff is a Delaware corporation with its principal place of business in New York. Defendants also allege that the amount in controversy exceeds $75,000. Therefore, it appears that the requirements for diversity of citizenship have been met.

However, under 28 U.S.C. § 1441, a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In this case, subject matter jurisdiction is based under section 1332(a).

Additionally, Defendants have been properly joined and served, and they allege that they are citizens of West Virginia, which is the state where the action was initially brought. Therefore, Defendants cannot remove this civil action solely on the basis of diversity of citizenship jurisdiction.

### 2. Federal Question Jurisdiction

Second, Defendants also allege in their notice of removal that this Court has federal question jurisdiction based on Defendants' counterclaim, which alleges Plaintiff violated Regulation X, 12 C.F.R. Part 1024.

Pursuant to 28 U.S.C. § 1331, district courts have subject matter jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." The well-pleaded complaint rule governs whether a civil action "arises under" federal law for purposes of § 1331. Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127-28 (1974). Therefore, federal question jurisdiction generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). However, the United States Supreme Court has stated that an answer cannot serve as the basis for "arising under" jurisdiction. Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11, n.9 (1983). Moreover, a counterclaim cannot serve as the basis for "arising under" jurisdiction. Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002). Indeed, the United States Supreme Court emphatically stated that they "decline to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded-complaint-*or-counterclaim* rule." Id. at 832.

In this case, Defendants sole argument for federal question jurisdiction is based off

of the Defendants' counterclaim. However, their counterclaim cannot serve as the basis for federal question jurisdiction. Therefore, this Court does not have federal question jurisdiction.

Accordingly, Defendants have not presented this Court with a basis for subject matter jurisdiction, and this civil action is **REMANDED** to the Magistrate Court of Jefferson County, West Virginia. The Clerk is directed to **TERMINATE** this case and **STRIKE** it from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* Defendants.

**DATED:** September 3, 2014

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE